NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CRONOS TECHNOLOGIES, LLC,**
*Plaintiff-Appellant*

**v.**

**EXPEDIA, INC., PRICELINE.COM INCORPORATED, NKA PRICELINE GROUP INC., PRICELINE.COM LLC, TRAVELOCITY.COM LP,**
*Defendants-Appellees*

---

2016-2528, 2016-2529, 2016-2530

---

Appeals from the United States District Court for the District of Delaware in Nos. 1:13-cv-01538-LPS, 1:13-cv-01541-LPS, 1:13-cv-01544-LPS, Chief Judge Leonard P. Stark.

---

Decided: August 17, 2017

---

BRIAN DAVID LEDAHL, Russ August & Kabat, Los Angeles, CA, argued for plaintiff-appellant. Also represented by PAUL ANTHONY KROEGER, LARRY C. RUSS.

NATHANIEL ST. CLAIR, II, Jackson Walker, LLP, Dallas, TX, argued for defendants-appellees. Also represent-

ed by JOHN MARTIN JACKSON, MATTHEW C. ACOSTA, ROBERT P. LATHAM,.

———————————

Before O'MALLEY, REYNA, and TARANTO, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Cronos Technologies, LLC ("Cronos") appeals from the district court's grant of summary judgment that Appellees do not infringe U.S. Patent No. 5,664,110 ("the '110 patent") either literally or under the doctrine of equivalents. *See Cronos Techs., LLC v. Expedia, Inc.*, Nos. 13-1538-LPS, 13-1541-LPS, 13-1544-LPS, 2016 U.S. Dist. LEXIS 107479 (D. Del. Aug. 15, 2016); *Cronos Techs., LLC v. Expedia, Inc.* (*Claim Construction*), Nos. 13-1538-LPS, 13-1541-LPS, 13-1544-LPS, 2016 U.S. Dist. LEXIS 95768, at *23–26 (D. Del. July 22, 2016). Cronos also appeals the district court's construction of: (1) "item code" and "identifying code"; and (2) the user-input terms.

After fully reviewing and considering the '110 patent and the parties' arguments, we conclude that the district court correctly construed the terms "item code" and "identifying code," within the context of the '110 patent, to be distinct from "user-discernable information" such that item codes and identifying codes do not contain any user-discernable information. *See Claim Construction*, 2016 U.S. Dist. LEXIS 95768, at *14–21; *see also, e.g.*, '110 patent, col. 8, ll. 15–27; col. 12, ll. 39–49; col. 14, ll. 56–58; col. 16, ll. 30–42. The district court also correctly construed the user-input terms. *See Claim Construction*, 2016 U.S. Dist. LEXIS 95768, at *21–23.

Because the construction of "item code" and "identifying code" require that the codes contain no user-discernable information, no reasonable jury could find that Appellees' accused products infringe the '110 patent under Cronos's theory, which relies on the use of search

parameters containing user-discernable information. Similarly, no reasonable jury could find infringement under the doctrine of equivalents because the '110 patent specifically excludes user-discernable information from being contained within item codes and identifying codes. Cronos's doctrine of equivalents theory relying on item codes and identifying codes that *do* contain user-discernable information within them would vitiate the '110 patent's requirement, as expressed in the claim construction, that the codes do not contain user-discernable information.

For the foregoing reasons, and those expressed in more detail in the district court's orders, we affirm the district court's judgment.

**AFFIRMED**